IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CRIMINAL ACTION NO. 1:05CR43-6

REBECCA POWELL,

    Defendant.

## ORDER/REPORT AND RECOMMENDATION/OPINION

On the 15th day of June, 2005, came the Defendant, Rebecca Powell, in person and by her counsel, Jeff Harris, and also came the United States by its Assistant United States Attorney, Shawn A. Morgan, for hearing on Defendant's Request for Additional Pretrial Discovery (Docket Entry 68), Motion for Bill of Particulars (Docket Entry 69), and Motion to Dismiss Count I of the Indictment (Docket Entry 70). The United States filed Responses to all three Motions. The motions were referred to the undersigned by Chief United States District Judge Irene M. Keeley on June 7, 2005. The matter was then heard on the Motions, the government's response to said Motions, and the arguments of counsel.

## ORDER

### Request for Additional Pretrial Discovery

Defendant moved the Court for an Order directing the Government:

1. To produce a copy of any oral, written or recorded statements or confessions made by Defendant;

2. To produce a copy of her prior criminal record;

3. To permit inspection and/or copying of all papers documents, photographs, physical exhibits and other tangible objects within the possession, custody or control of the Government;

4. To provide a copy of any relevant results or reports of any physical or mental examinations, as well as any scientific tests or experiments made in connection with the case, including a copy of the Forensic Lab Report for the controlled buy on June 17, 2004.

5. To provide a written summary of any and all testimony the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial;

6. To provide notice to Defendant's counsel of its intent to use any pretrial identification evidence at the trial of this matter.

For reasons apparent to the Court and stated on the record, the Court **GRANTS** Defendant's Motion as to the requests numbered 1, 2, 4, 5, and 6. The Court **DENIES** Defendant's Motion as to request number 3 as **MOOT**.

The Government is **ORDERED** to provide any additional disclosure it has in its possession before the date designated by the Government as the deadline for Defendant's signing the proposed plea agreement, Monday, June 20, 2005. If the Government is unable to produce the additional disclosure by the deadline for Defendant signing the proposed Plea Agreement, the Government has stated on the record, and the Court **ORDERS** that the proposed Plea Agreement shall remain open until such time as the additional information is received by counsel for Defendant.

For docketing purposes only, Defendant's Request for Additional Pretrial Discovery (Docket Entry 68) is **Granted in Part and Denied in Part**.

### Motion for Bill of Particulars

### Discussion

> The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense . . . when the indictment itself is *too vague and indefinite for such purposes.*

*Wong Tai v. United States*, 273 U.S. 77 (1927). *United States v. Addonizio*, 451 F.2d 49, 63-64 (3rd Cir.), *cert. denied*, 405 U.S. 936 (1972).

> The function of a bill or particulars is not to provide "detailed disclosure of the government's evidence in advance of trial" but rather to supply "any essential detail which may have been omitted from the indictment." *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). A bill of particulars is not an investigative vehicle for the defense and is not available as a tool to obtain detailed disclosure of the government's evidence prior to trial or to provide the defendant with additional discovery.

*See e.g., United States v. Automated Med. Labs, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

The United States has opened its file to Defendant, providing Defendant with discovery, including the audio/video CD-ROM of the controlled buy involving Defendant. The Court's scheduling order already provides time frames for the disclosure of *Jencks*, *Brady* and *Giglio* material. The Court has further ordered the Government to provide additional discovery when it becomes available.

The Court finds discovery provided by United States to the Defendant is sufficient and in accordance with the above stated case law and, therefore, **ORDERS** that Defendant's Motion for Bill of Particulars (Docket Entry 69) is **DENIED**.

IT IS SO **ORDERED.**

## REPORT AND RECOMMENDATION

Defendant moved the Court for an order dismissing her from Count I of the Indictment. Defendant argues the Government's pretrial discovery has to date revealed no evidence to establish that Defendant knew of any conspiracy involving co-defendants Ball, Nelson, Braham, Allevato, Reis, Vining or Barnes, and reveals no relationship at all between Defendant and Ball, Nelson, Braham, Allevato, Reis, and Barnes.

3

The Government agreed that the physical evidence produced to date does not show Defendant involved with any other co-defendants besides Vining. Nor, in any of the evidence produced to date, does any co-defendant refer to Defendant Powell. The Government also agreed that, to date, no defendant(s) in the Indictment has pled.

For reasons apparent to the Court and Stated on the record, the undersigned finds Defendant's Motion to Dismiss is premature, and therefore **RECOMMENDS** that Defendant's Motion to Dismiss Defendant Powell from Count One of the Indictment (Docket Entry 70) be **HELD IN ABEYANCE** pending further proceedings in this matter.

The Clerk of the Northern District for the United States District Court shall provide a copy of this Order/Report and Recommendation to all counsel of record.

DATED: June 15, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE