IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 1:05CR43-6

REBECCA POWELL,

        Defendant.

## **ORDER/OPINION**

On the 8th day of December, 2005, came the United States of America by Shawn Angus Morgan, Assistant United States Attorney, and also came the defendant, Rebecca Powell, in person, and by her counsel, Jeff Harris, for hearing on the Amended Petition for Action on Conditions of Pretrial Release alleging that Powell violated Conditions #7(r), 7(q), and 7(p) of her Conditions of Release.

### I. Procedural History

On May 6, 2005, Defendant Rebecca Powell was released on conditions set by Order. On November 21, 2005, pre-trial services officer Vincent Zummo filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated conditions # 7(r) and 7(q) of the Order. By Order dated November 23, 2005, Chief United States District Judge Irene M. Keeley directed Defendant be arrested and brought before the Court to answer the allegations made against her in the Petition.

Defendant was arrested pursuant to the Court's order on December 6, 2005. Upon her arrest, Defendant was drug tested, and tested positive for cocaine and marijuana. Pretrial Services Officer Zummo subsequently filed an Amended Petition for Action on Conditions of

Pretrial Release adding this alleged violation. Defendant had an Initial Appearance before the Court on December 6, 2005; a second Initial Appearance and a full hearing on the Amended Petition for Action on Conditions of Pretrial Release before the undersigned on December 8, 2005.

## II. Contentions

The Petition alleges that Defendant:

1. Violated Condition No. 7(r) of the Order Setting Conditions of Release which required Defendant to participate in a program of inpatient or outpatient substance abuse therapy, in that Defendant failed to respond to approximately three requests for intake proceedings initiated by Phoenix and Associates;

2. Violated Condition No.7(q) of the Order Setting Conditions of Release which required Defendant to submit to drug testing as required by pretrial services, in that Defendant failed to report for drug testing as directed by her pretrial services officer on July 25, August 24, September 1, and November 17, 2005; and

3. Violated Condition No. 7(p) of the Order Setting conditions of Release which required Defendant to refrain from the use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner, in that, upon her arrest on December 6, 2005, Defendant tested positive for cocaine and marijuana. Defendant admitted to using $20.00 worth of cocaine approximately two days earlier.

The Court heard the testimony of Pretrial Services Officer Zummo. Defendant offered no evidence, but argued for her release to an inpatient substance abuse facility. Defendant, through counsel, stated she had had transportation problems that had hindered her efforts to get treatment as directed, and she would like to go into inpatient treatment, which would resolve that difficulty.

## III. Findings Of Fact

Based on the testimony presented at the hearing held December 8, 2005, and the docket record as the same existed on December 8, 2005, the undersigned makes the following findings

of fact:

1) Defendant was placed on conditional release by Order dated May 6, 2005.

2) Defendant has not been tried on the indicted offense because on of her co-defendants has yet to make an appearance.

3) Condition No. 7(r) of the Order Setting Conditions of Release required Defendant to participate in a program of inpatient or outpatient substance abuse therapy.

4) Condition No.7(q) of the Order Setting Conditions of Release required Defendant to submit to any method of testing required by pretrial services office or the supervising officer for determining whether she was using a prohibited substance.

5) Condition No. 7(p) of the Order Setting Conditions of Release required Defendant to refrain from use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.

6) Defendant was released from federal custody on May 6, 2005, pursuant to the Order Setting Conditions of Release.

7) Defendant signed an acknowledgment that she was aware of the conditions of her release, was aware of the penalties and sanctions for violations of her conditions of release, and promised to obey her conditions of release.

8) Defendant is Pretrial Services Officer Vincent Zummo's assigned supervisee.

9) Defendant failed to respond to requests for an intake evaluation by Phoenix and Associates on approximately three occasions, and has to date not attended an intake evaluation at Phoenix and Associates.

10) Defendant failed to report for scheduled drug testing on July 25, August 24, September

1, and November 17, 2005, as directed and notified by her probation officer.

11) Defendant had been incarcerated after her arrest in May, 2005, on State charges, and was presumably detoxified during that incarceration. Yet she underwent a second detoxification subsequent to her release.

IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes by a preponderance of the evidence that Defendant violated conditions No. 7(r), 7(q), and 7(p) of the Order Setting Conditions of Release entered May 6, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Rebecca Howell is unlikely to abide by any condition or combination of conditions of release, short of being place into a controlled environment where her activities would be monitored 24 hours a day.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a), (b)(1)(B) and (2)(A) and (B), the release of Defendant Rebecca Powell on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

The Court further directs pretrial services to monitor for space available at a halfway house or other such facility, and to notify the Court if space becomes available. Upon such notification, if any, the Court will reconvene this matter for the purposes of considering and determining whether such facility would be an appropriate for this Defendant and whether release to such facility would be an appropriate condition of future release of Defendant pending the outcome of the charges now pending against her.

DATED: December 8, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE